IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:02cr38-RH/AK

MARVIN FLEMING,

    Defendant.

_____/

## ORDER DENYING §2255 MOTION

This matter is before the court on the magistrate judge's report and recommendation (document 110) and the objections thereto (document 115). I have reviewed *de novo* the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court with this additional note.

Defendant's court-appointed attorney advised me at a pretrial conference that defendant had complained about his representation. I inquired of defendant on the record and determined that there were no good grounds for complaint. Defendant seemingly acquiesced in that conclusion. Defendant knowingly, voluntarily, and intelligently waived a jury trial. Defendant's attorney provide

effective representation at the bench trial, but the government proved defendant guilty beyond a reasonable doubt, and I so ruled.

Defendant's contention now is that his attorney had a "conflict." The only alleged "conflict," however, was defendant's complaint that the attorney was not rendering satisfactory representation. If a defendant's own dissatisfaction with his court-appointed attorney, even though baseless, was always sufficient without more to require appointment of a new attorney, then management of a criminal docket would be difficult indeed. When a defendant really cannot get along with his court-appointed attorney, my practice is to appoint a new attorney, even if it is the defendant's fault. In the case at bar, however, I was satisfied that the defendant and his attorney could work together, as in fact they did. Defendant was not entitled to appointment of a different attorney. This attorney rendered effective assistance.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk shall enter judgment stating, "Defendant's motion for relief under 28 U.S.C. §2255 (document 93) is DENIED WITH PREJUDICE." The clerk shall close the file.

SO ORDERED this 26th day of April, 2008.

*Case No: 5:02cr38-RH/AK*

s/Robert L. Hinkle
Chief United States District Judge